Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIPPY KRUCKENBERG, an individual, <br><br> Plaintiff <br><br> v. <br><br> THE McKELLAR GROUP, LLC, a limited liability company; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.: **'14CV1409 BEN RBB** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## I.  INTRODUCTION

1.This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for invasion of privacy.

///

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff KIPPY KRUCKENBERG ("Plaintiff") is a natural person residing in the state of California, County of San Diego.

4. Defendant THE McKELLAR GROUP, LLC. ("TMG") at all times relevant was a limited liability company in the business of collecting debts in San Diego County, California operating from an address at 8200 Wilshire Blvd., Suite 400, Beverly Hills, CA 90211.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

///

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

9. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

10. At a time unknown, TMG acquired information regarding an alleged account (the "Debt") it claimed belonged to Plaintiff.

11. Within the year prior to the filing of this action, TMG began calling Plaintiff in an attempt to collect the Debt.

12. TMG also called Plaintiff's place of employment in an attempt to contact Plaintiff to collect the Debt.

13. When a representative of TMG called Plaintiff's work, he spoke to Plaintiff's receptionist. The receptionist told him that he was calling a place of business and that Plaintiff could not receive personal calls at work.

14. The TMG representative told Plaintiff's receptionist that Plaintiff needed to contact TMG so he would not have to serve Plaintiff at her work.

15. TMG continued to contact Plaintiff's place of employment after it had notification that Plaintiff could not receive such calls.

16. A representative of TMG also contacted the Associate Director at Plaintiff's work in an attempt to contact Plaintiff.

17. The Associate Director also told the TMG representative that he was calling Plaintiff's work and could only transfer him to Plaintiff's voicemail, but the TMG representative wanted to explain the situation to the Associate Director.

18. Plaintiff contacted TMG and spoke with a representative named Michael Brewer (hereinafter "Michael").

19.     Plaintiff told Michael that she did not know what the Debt was for, but Michael told Plaintiff that TMG sent her a letter regarding the Debt and that her time ran out to settle the Debt.  According to Michael, only individuals who were served were given the number Plaintiff called to reach him.

20.     Plaintiff told Michael that she was not served any papers nor did she receive the letter TMG allegedly sent Plaintiff regarding the Debt.

21.     Following Plaintiff's conversation with Michael, a different TMG representative then contacted Plaintiff's father in an attempt to collect on the Debt.

22.     When the TMG representative contacted Plaintiff's father, he stated that he was a process server trying to serve Plaintiff.

23.     Plaintiff was never served any paperwork from TMG or any other person or entity.

24.     As a result of the acts alleged above, Plaintiff suffered emotional distress.

## V.  FIRST CLAIM FOR RELIEF
### (As against Defendants for Violation of the FDCPA)

25.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

26.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a)     The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff ;

(b)     The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and implying that the Plaintiff owes debt;

(c)     The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

(d) The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

(e) The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication;

(f) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(g) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(h) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(i) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(j) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(k) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(l) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(m) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication.

27. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

### (Invasion of Privacy: Public Disclosure of Private Facts)

28. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

30. Defendant willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by unlawfully attempting to collect the debt.

31. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

32. As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

33. Defendants acted with oppression or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

  (a) Actual damages;

  (b) Statutory damages pursuant to 15 U.S.C. §1692k;

  (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

///
///
///
///

(d)   For such other and further relief as the Court may deem just and proper.

Date:  June 10, 2014

                                                         s/ Jeremy S. Golden
                                                  Jeremy S. Golden,
                                                  Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date:  June 10, 2014

                                                         s/ Jeremy S. Golden
                                                  Jeremy S. Golden,
                                                  Attorney for Plaintiff