UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KIPPY KRUCKENBERG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE McKELLAR GROUP, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 14-CV-1409-BEN (RBB)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS**<br><br>[Docket No. 4] |
|---|---|

Before this Court is a Motion to Dismiss, filed by Defendant McKellar Group, LLC. (Docket No. 4). Defendant asks this Court to dismiss Plaintiff Kippy Kruckenberg's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Motion is **GRANTED IN PART**.

## BACKGROUND

On June 10, 2014, Plaintiff filed a Complaint asserting violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*, and a California state law claim for invasion of privacy. (Docket No. 1).

Plaintiff alleges that Defendants are "debt collectors" as defined by the FDCPA because they are "engaged in the collection of debts from consumers using the mail and telephone" and "regularly attempt to collect consumer debts alleged to be due to

1  another." (Compl. ¶ 5). Plaintiff states that she is a "consumer" as defined by the
2  FDCPA. (*Id.* ¶ 7).

3  Plaintiff alleges the following facts in her Complaint. At a "time unknown,"
4  Defendant "acquired information regarding an alleged account (the 'Debt') it claimed
5  belonged to Plaintiff." (*Id.* ¶ 10). Defendant began to call Plaintiff in an attempt to
6  collect the Debt "[w]ithin the year prior to the filing of this action." (*Id.* ¶ 11).

7  Defendant called Plaintiff's unspecified "place of employment" in attempt to
8  contact Plaintiff to collect the debt. (*Id.* ¶ 12). One of Defendant's representatives
9  spoke to a receptionist at Plaintiff's work, who informed him that he was calling a
10 place of business and that Plaintiff could not receive personal calls at work. (*Id.* ¶ 13).
11 The representative told the receptionist that "Plaintiff needed to contact [Defendant]
12 so he would not have to serve Plaintiff at her work." (*Id.* ¶ 14). Defendant continued
13 to call Plaintiff's place of employment. (*Id.* ¶ 15). A representative of Defendant
14 contacted an unnamed "Associate Director" at Plaintiff's work in an attempt to contact
15 Plaintiff. (*Id.* ¶ 16). The Associate Director told the representative that he was calling
16 Plaintiff's work, and could only transfer him to Plaintiff's voicemail. (*Id.* ¶ 17).
17 Defendant's representative "wanted to explain the situation to the Associate Director."
18 (*Id.*)

19 Plaintiff contacted Defendant, and spoke with a representative named Michael
20 Brewer. (*Id.* ¶ 18). Plaintiff informed Brewer that "she did not know what the Debt
21 was for." (*Id.* ¶ 19). Brewer told Plaintiff that Defendant sent her a letter regarding the
22 debt and that her time ran out to settle the Debt. (*Id.*) Brewer stated that only
23 individuals who were served were given the number that Plaintiff called to reach him.
24 (*Id.*) Plaintiff told Brewer that she was not served with any papers, nor did she receive
25 the letter regarding the Debt. (*Id.* ¶ 20).

26 Following Plaintiff's conversation with Brewer, a different representative of
27 Defendant contacted "Plaintiff's father" in an attempt to collect on the Debt. (*Id.* ¶ 21).
28 The representative told Plaintiff's father that he was a process server trying to serve

Plaintiff. (*Id.* ¶ 22).

Plaintiff was never served with paperwork from Defendant or any other person or entity. (*Id.* ¶ 23). Plaintiff claims to have suffered emotional distress as a result of the foregoing. (*Id.* ¶ 24).

Plaintiff's first claim for relief alleges violation of the FDCPA. She enumerates thirteen provisions of the FDCPA she claims have been violated. (*Id.* ¶ 26). Plaintiff seeks actual damages, statutory damages, costs, and attorney's fees. (*Id.* ¶ 27) In her second claim for relief, Plaintiff alleges "Invasion of Privacy: Public Disclosure of Private Facts," and seeks actual and punitive damages (*Id.* at p. 6 & ¶ 33).

Defendant filed the instant motion to dismiss on July 10, 2014. Plaintiff filed an Opposition on July 21, 2014. (Docket No. 8). No reply was filed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court may grant a motion to dismiss if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *See Twombly*, 550 U.S. at 556.

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those

non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678-79; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting that the court need not accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences as true). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation") (cited approvingly in *Twombly*, 550 U.S. at 555). And while "[t]he plausibility standard is not akin to a probability requirement," it does "ask[] for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## DISCUSSION

Defendant asserts that Plaintiff has failed to state a claim against Defendant. (Mot. at 3). Defendant claims the allegations are "vague, conclusory and insufficient to place Defendant on notice of the alleged claims in order to be able to make a proper defense, and they do not show an entitlement by the Plaintiff to the relief sought." (*Id.*)

I. Failure to Allege Specific Details

In the Motion, Defendant identifies a long list of details that Plaintiff did not include her Complaint. (Mot. at 3-6). For instance, Defendant points to Plaintiff's failure to identify the people involved in the phone calls, the exact date or time of the phone calls, or the phone number called. (*Id.*) However, Defendant provides no

authority to support a claim that any of the particular details specified are required in order to state a claim. Accordingly, to the extent Defendant sought to dismiss this action based on the omission of these specific details, the Motion is **DENIED**.

II. Notice of the Grounds of Plaintiff's Claims

Defendant alleges that the Complaint does not contain sufficient facts to place it on notice of the grounds of Plaintiff's claims. (Mot. at 8). It points to the lack of details in the factual allegations, including the "dates, times, contents, or location of any of the calls Defendant's representatives allegedly made to Plaintiff and how those actions form the basis for any relief." (*Id.*)

Defendant relies upon *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1013 (N.D. Cal. 2005), *reversed on other grounds*, 584 F.3d 1147 (9th Cir. 2009). Defendant asserts that *Gorman* found that a defendant could not craft a responsive pleading when the plaintiff failed to allege the dates or contents of even one call by the defendant. (Mot. at 8). Defendant claims that the same is true in the instant case, pointing out that Plaintiff only mentions the name of one of Defendant's representatives, even though other representatives were apparently involved in other calls. (*Id.*) Defendant also generally claims that the Complaint is "bare bones" and that there is no mention of which debt is the subject of the action, or how those actions support the claims pled. (*Id.*)

Defendant also cites to *Townsend v. Chase Bank USA N.A.*, SACV08-00527, 2009 WL 426393, at *2 (C.D. Cal. Feb. 15, 2009), *aff'd* 445 F. App'x 920 (9th Cir. 2011). In *Townsend*, the district court dismissed claims under California and federal Fair Debt Collection Practices Acts for failure to plead alleged communications with sufficient particularity. *Id.* The *Townsend* complaint failed to cite "specific instances of communications violating the FDCPA" and gave only "vague descriptions of false, misleading, or harassing communications" and "fail[ed] to identify the persons making such communications, the dates those communications were received, or even the contents of the communications." *Id.* Defendant also cites to *Arikat v. JP Morgan*

*Chase & Co.*, 430 F. Supp. 2d 1013 (N.D. Cal. 2006). The district court in *Arikat* dismissed claims under the California FDCPA on the basis that plaintiffs failed to allege that any defendants were debt collectors within the meaning of the CFDCPA and that allegations were "too vague" to give rise to the inference that any specific defendant violated the CFDCPA. *Id.* at 1027.

Plaintiff asserts that the facts in the Complaint were adequate to place Defendant on notice of Plaintiff's claims. (Opp'n at 4). Plaintiff points out that the Complaint lists the job titles of the individuals at Plaintiff's employment and the specific information conveyed to them. (*Id.*) Plaintiff seeks to distinguish *Gorman*, pointing out that the complaint in *Gorman* did not allege the date or content of even one call by the defendant. *Id.* (citing *Gorman*, 370 F. Supp. 2d at 1013). Plaintiff asserts that she provided both the content and the time frame of the calls, as well as the specific threats. (*Id.*) Plaintiff points out that she also specified the sections of the FDCPA which were violated. (*Id.* at 5). Accordingly, she claims that Defendant is on notice and able to craft a response.

Based on the briefing before this Court, the factual allegations are sufficient to place Defendant on notice of the basic facts underlying Plaintiff's claims.[1] Although Plaintiff is vague as to specific names and dates, she does clearly allege the basic sequence of events and presents the basic facts. Defendant fails to articulate why it needs additional details in order to properly investigate the facts and craft a responsive pleading. Defendant does not point this Court to authority that indicates that additional facts are required under the circumstances. The Court notes that the cases cited by Defendant appear to involve complaints containing less detail that what was provided by Plaintiff.

However, Plaintiff's claims for relief fail to connect her factual allegations to the violations. That is to say, Plaintiff does not articulate the legal theory by which the

---

[1] This Court is not finding that Plaintiff's factual allegations will be sufficient to support her legal theories in the event that Defendant seeks to dismiss a First Amended Complaint.

facts alleged allow this Court to infer that Plaintiff is entitled to relief. As another district court in this Circuit has explained:

> Plaintiffs must identify each legal theory in separate Counts of their Complaint, Plaintiffs must not simply list constitutional violations with no explanation. Plaintiffs must connect each legal theory to the actions giving rise to that legal theory and Plaintiffs must give the individual Defendants . . . notice of their conduct giving rise to such a claim. For example, Plaintiffs must not simply allege that Plaintiffs due process rights were violated by Defendants. Plaintiffs must identify their due process claim . . . and facts meeting the elements of such a clam.

*Bryant v. City of Goodyear*, No. CV-12-319, 2013 WL 1897129, at *12 (D. Ariz. May 6, 2013).

### A. Fair Debt Collection Practices Act

With respect to both of her claims, Plaintiff "repeats, realleges, and incorporates by reference" the factual allegations. (Compl. ¶¶ 25, 28). In her first claim for relief, Plaintiff then lists out thirteen provisions of the FDCPA. For each provision, she specifies the exact portion of the statute and provides a brief description of the violation. These descriptions are highly general, and do not point to specific calls or explain how specific calls allegedly violate the statute. They generally mirror the language of the statute in conclusory language.

In some cases, the Court can speculate as to how Plaintiff may be claiming that the factual allegations support a violation. However, with respect to most of Plaintiff's claims, Defendant is left to guess what conduct supports the alleged violation in attempting to investigate and craft a response. Plaintiff has alleged a number of different calls, with different contents, involving different people. Plaintiff cannot simply point to a provision of the statute and require Defendant to imagine every possible way the conduct alleged might violate the statute. Defendant cannot reasonably challenge the sufficiency of the allegations supporting the claim without knowing which factual allegations underlie the claims. The Court therefore **GRANTS** the Motion to Dismiss as to claims (a), (b), (c), (d), (f), (g), (h), (I), (j), (k), and (l), as listed in paragraph 26 of the Complaint.

The Court notes that Plaintiff's Opposition provides some additional information

about how Plaintiff believes the factual allegations support the claimed violations. However, such explanations are missing from the pleading. Accordingly, Plaintiff will be given leave to amend her pleading in order to attempt to properly allege her claims. The Court makes no ruling as to whether the legal theories indicated in the Opposition will be sufficient to state a claim, or whether the facts as currently alleged are sufficient to support her theories.

However, the Court finds that with respect to two of the claims under FDCPA, it is readily apparent how Plaintiff claims that statute was violated. Claim (e) states that: "[t]he Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication." (Compl. ¶ 26(e)). Claim (m) asserts that: "[t]he Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication." (*Id.* ¶ 26(m)).

Based on the arguments before this Court, the Motion is **DENIED** as to claims (e) and (m). The Court is not determining that Plaintiff's claims in (e) and (m) are legally sufficient, only that the legal theory is sufficiently apparent and the Defendant presents no specific grounds for dismissing them.

### B. Invasion of Privacy

Plaintiff's second claim seeks relief for "Invasion of Privacy: Public Disclosure of Private Facts." (Compl. at p. 6). She alleges that she had a "reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs," upon which "Defendant willfully and intentionally intruded . . . by unlawfully attempting to collect the debt." (*Id.* ¶¶ 29-30). She further alleges that the "intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff." (*Id.* ¶ 31). She asserts that "[a]s a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress." (*Id.* ¶ 32). She further alleged that Defendants acted with "oppression or malice." (*Id.* ¶ 33).

      Defendant contends that Plaintiff fails to provide basic facts supporting the elements of the cause of action for invasion of privacy. (Mot. at 9). Specifically, it points out that Plaintiff fails to allege that she had an "objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." (*Id.* (citing *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 232 (1998)). It also notes that the Complaint does not identify the place, conversation, or data source upon which Defendant intruded. (*Id.*) It further points out that even the references to her "place of employment" are vague. (*Id.*) They contend that the Court cannot infer from the Complaint that Plaintiff had an expectation of privacy. (*Id.*)

      Plaintiff contends that it is sufficient that she alleges that Defendant called multiple times, called her at work, and communicated with her father and co-workers regarding the debt. (Opp'n at 8). However, Plaintiff did not provide even a cursory explanation in the Complaint regarding how she believes the facts alleged support a claim. Although Plaintiff's Opposition provides some additional information, the Complaint leaves Defendant and this Court to guess, for example, whether Plaintiff intended to refer to the disclosure of the information to individuals at her workplace, intended to refer to the disclosure to her father, or relies upon some other theory. As it is unclear from the Complaint how Plaintiff believes that Defendant has intruded upon her privacy, the Motion to Dismiss this claim is **GRANTED**. However, Plaintiff will be given leave to amend to provide additional information.

## CONCLUSION

      Accordingly, this Court **GRANTS IN PART** the Motion to Dismiss, but **GRANTS** Plaintiff leave to amend her complaint. If Plaintiff chooses to file a First Amended Complaint, she must briefly explain how the factual allegations support each one of her claims. Although this explanation need not be detailed, it should provide Defendant with enough information to determine the legal theory underlying the claim. Plaintiff is not granted leave to add additional parties or causes of action to her

///

pleading. If Plaintiff wishes to file a First Amended Complaint, she must do so within **twenty-one days** of the date this Order is filed.

**IT IS SO ORDERED.**

Dated: August /4, 2014

HON. ROGER T. BENITEZ
United States District Court